■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CAGLE, Appellant.—Judgment, Supreme Court, New York County, entered May 10, 1976, convicting defendant on jury verdict of murder in the second degree (Penal Law, § 125.25, subd 3), manslaughter in the first degree (Penal Law, § 125.20), and robbery in the first and second degrees (Penal Law, §§ 160.15, 160.10), and sentencing him thereon, is unanimously affirmed. We see no error warranting reversal. We note that this court has recently held that robbery is not a lesser included offense of the crime of felony murder committed in the course of robbery or attempted robbery. *(People v Haywood,* 70 AD2d 788; see *People v Nichols,* 230 NY 221.) (Concur—Kupferman, J. P., Birns, Sullivan, Lupiano and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT MARR, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 9, 1977, after trial to a jury, modified, on the law, to reduce the conviction from robbery, second degree, to robbery, third degree, to vacate the sentence imposed, to remand for sentence on the count of robbery, third degree, and to dismiss the count of robbery, second degree, and otherwise affirmed. Robbery, first degree, was the highest count submitted to the jury, charging forcible stealing while armed with and using or threatening immediate use of a dangerous instrument (Penal Law, § 160.15, subds 2, 3). As a lesser included count, the court erroneously submitted robbery, second degree, to the jury, charging stealing and causing physical injury during commission of the crime or immediate flight therefrom (Penal Law, § 160.10, subd 2, par [a]). Quite obviously, the latter was not a lesser count included in the former because of injection of an additional element. No such problem is found in respect of robbery, third degree (Penal Law, § 160.05). We "modify the judgment by changing it to one of conviction for the lesser offense" (CPL 470.15, subd 2, par [a]). While it is claimed by appellant that the trial court improvidently refused to interrupt the trial to take the testimony of a projected defense witness who had arrived during summations, there is no offer of proof found in the record which would indicate the materiality, relevance or even content of the projected evidence. In the circumstances we cannot begin to evaluate this argument. No other point is made that is worthy of comment. Concur—Kupferman, J. P., Bloom, Markewich, Yesawich and Ross, JJ.